1   MICHAEL P. MARTIN [SBN 190213]
    LAW OFFICES OF MICHAEL P. MARTIN
2   1875Century Park East, Suite 1450
    Los Angeles, California  90067-2746
3   Telephone: (310) 556-1956
    Facsimile:  (310) 556-4617
4   Email: mmartin@fpllaw.com

5   Attorneys for Plaintiff

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11                                          CV09-9291 CAS PLAx
    AMCOR INDUSTRIES, INC. a/k/a            Case No.:
12  GORILLA AUTOMOTIVE
    PRODUCTS, a California                  COMPLAINT FOR FEDERAL
13  corporation,                            TRADEMARK INFRINGEMENT;
                                            STATE TRADEMARK
14                                          INFRINGEMENT; FEDERAL UNFAIR
                Plaintiff,                  COMPETITION; STATE UNFAIR
15                                          COMPETITION; FEDERAL TRADEMARK
          v.                                DILUTION; AND STATE TRADEMARK
16                                          DILUTION
17  JAFRUM INTERNATIONAL, INC., an
    Indiana Corporation, and DOES 1-10.
18
19              Defendants.
20
21
22
23
24       Plaintiff AMCOR INDUSTRIES, INC. a/k/a GORILLA AUTOMOTIVE

25  PRODUCTS (hereinafter referred to as "Plaintiff") complains and alleges as

26  follows:
27
28

                                     1
                                 COMPLAINT

## JURISDICTION AND VENUE

1.      This action arises under the Lanham Act, as amended (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and 1125(c)); California Business & Professions Code §§ 14320, 14330, 17200, *et seq*., and 17500; and California common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and 1391(c) in that Defendants transact business in this Judicial District and a substantial part of the events or omissions giving rise to the claims herein occurred within this Judicial District.

## THE PARTIES

3.      Plaintiff AMCOR INDUSTRIES, INC. a/k/a GORILLA AUTOMOTIVE PRODUCTS ("Plaintiff") is a California corporation, having its principal place of business at located at 2011 E. 49th Street, Los Angeles, CA 90058. Plaintiff is the exclusive owner of the trademarks which form the basis of this action.

4.      a.  Plaintiff is informed and believes, and on such basis alleges, that Defendant JAFRUM INTERNATIONAL, INC. (hereinafter individually

"Defendant") is an North Carolina Corporation , having its principal place of business at 3731-A Woodpark Blvd., Charlotte, NC 28206, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

b.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

c.  Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

GENERAL ALLEGATIONS
PLAINTIFF AND THE GORILLA MARKS

5.    Plaintiff manufactures, sells, distributes, advertises, and licenses various types of automotive accessories, all terrain vehicle parts and accessories, and trailer parts and accessories under its well-known GORILLA and Gorilla Design trademarks .

6.    Plaintiff utilizes its GORILLA trademarks in various combinations on

its products, in sales catalogs and in advertising to identify them as originating from

Plaintiff.

7.      Plaintiff's GORILLA marks are extremely well-known in the United

States, Canada, Mexico and worldwide.  This high level of name recognition

among the public gives these marks lucrative appeal.

8.      In addition to the longstanding, international use and goodwill

mentioned above, Plaintiff has registered its GORILLA marks at the United States

Federal level, in California, and in Mexico and has applications pending in Canada.

Presently, Plaintiff is the owner of the following U.S. Federally Registered

trademarks, among others: No. 3542492 for the mark (Gorilla Design); No.

3566327 for the mark GORILLA GUARD; No. 3381925 for the Mark G; No.

1,988,115 for the mark (Gorilla Design); No. 1,914,798 for the mark GORILLA

(Stylized); No. 1,863,650 for the mark GORILLA (and Gorilla Design); No.

1,863,649 for the mark GORILLA (Stylized); No. 1,706,562 for the mark THE

GORILLA GRIP; No. 1,711,516 for the mark GORILLA; No. 1,483,315 for the

mark GORILLA; No. 3,674,934 for the mark GORILLA AXLE;  No. 3,657,209 for

the mark GORILLA GUARD; No. 3,582,128 for the mark TEAM GORILLA.

Plaintiff also has the following pending federal application: No. 77/570,452 for the

mark GORILLA-LIFT.

9.      Plaintiff's above referenced trademarks are hereinafter collectively

referred to as "the GORILLA Marks."

10.    Plaintiff has been using said marks since at least August, 1983 and has been using said marks in interstate commerce since at least August, 1983.

11.    In addition, as a result of Plaintiff's efforts through advertising, promotions, sales, and customer service, as well as favorable recommendations by Plaintiff's customers, Plaintiff's GORILLA products have achieved enormous popularity among the public.  As a result of these efforts and Plaintiff's exclusive use of the GORILLA Marks, the GORILLA Marks have acquired substantial goodwill and secondary meaning for a long period of time, serving as an indicator of Plaintiff as the source of origin of its products.

12.    By virtue of the GORILLA Marks' inherent distinctiveness and acquired secondary meaning; the long duration and international usage exclusively by Plaintiff of the GORILLA Marks for automotive accessories, and related products; Plaintiff's extensive advertising and publicity of the GORILLA Marks; and the extremely high degree of recognition of the mark in the trading areas and channels of trade used by Plaintiff; the GORILLA Marks, and each of them, are famous under 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

## Defendants' Unlawful Conduct: Trademark Infringement, Unfair Competition and Trademark Dilution

13.    Plaintiff is informed and believes, and on such basis alleges, that Defendant markets and sells motorcycle parts and accessories under the name

GORILLA.

14.     Plaintiff is informed and believes, and on such basis alleges, that Defendant has advertised its goods using the GORILLA mark at trade shows in national magazines and on the Internet, where consumers confuse its products with Plaintiff's products sold right alongside one another and in search results.

15.     Defendant has no right, license or other authority from Plaintiff to use any of the GORILLA Marks for any purpose.

16.     Plaintiff is informed and believes, and on such basis alleges, that Defendant knew of the GORILLA Marks and that the same were owned by someone other than themselves; knew that the GORILLA Marks were distinctive and famous; and knew that Defendant had not received any authority from Plaintiff to use the GORILLA Marks or any other marks confusingly similar thereto, for any purposes.

17.     Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation.

18.     Additionally, Defendant's unlawful activities injure the public by depriving the public of the right to be free of confusion in the marketplace.

19.     Plaintiff is informed and believes, and on such basis alleges, that Defendant has deliberately, willfully, and maliciously used the GORILLA Marks in order to trade on the goodwill that Plaintiff has attained in the GORILLA Marks, to dilute the GORILLA Marks and to confuse the public into believing that efendant's

unauthorized use is licensed or authorized by Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

20.     This claim for relief arises under 15 U.S.C. § 1114 and is alleged against all Defendants.

21.     Plaintiff reallege the allegations in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

22.     Plaintiff is the owner of the Federally Registered trademarks, including the GORILLA Marks set forth above.  These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

23.     Plaintiff is informed and believes, and on such basis alleges, that Defendants are using marks confusingly similar or identical to the GORILLA Marks.

24.     Defendants have not been authorized by Plaintiff to use any GORILLA Marks or any mark similar thereto, for any purpose whatsoever, including the use of the GORILLA Marks in connection with motorcycle parts and accessories or any products related to the motorcycle or automotive field.

25.     Defendants' unauthorized use of the GORILLA Marks or any mark similar thereto is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

26.     Defendants' unauthorized use is likely leading the public to believe

Defendants' goods are sponsored by Plaintiff, or with the permission, approval or endorsement of Plaintiff.

27.    Defendants' unlawful activities injure the public by depriving the public of the right to be free from confusion in the marketplace.

28.    By reason of this unauthorized use of the GORILLA Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

29.    Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

30.    Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and  cause confusion, deception and mistake among the trade and the consuming public as to the source and sponsorship of the goods provided and sold by Defendants.

31.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Defendants will continue to use the GORILLA Marks, thus continuing to infringe upon Plaintiff's rights.

32.    Plaintiff has no adequate remedy at law.

<u>SECOND CLAIM FOR RELIEF</u>

(California Trademark Infringement)

33.    This claim for relief arises under California Business & Professions Code § 14320 and California common law and is alleged against all Defendants.

34.    Plaintiff realleges the allegations in paragraphs 21 through 32 of this Complaint as though fully set forth herein.

35.    Plaintiff is the owner of common law trademarks, trademarks registered in the state of California, and federally registered trademarks, including the GORILLA Marks set forth above.  These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning.

36.    Defendants' unauthorized use of marks confusingly similar to the GORILLA Marks is likely to confuse the public as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

37.    Defendants have infringed upon Plaintiff's rights by using marks confusingly similar to the GORILLA Marks in connection with their goods well after Plaintiff had used the GORILLA Marks and made them famous.

38.    By reason of this unauthorized use of marks confusingly similar to the Plaintiff's Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial

injury, loss and damage in an amount according to proof.

39.     Plaintiff is informed and believes, and on such basis alleges, that this infringing use by Defendants has been deliberate and willful, entitling Plaintiff to increased damages and attorney's fees.

40.     Plaintiff is informed and believes, and on such basis alleges, unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights and cause confusion, deception and mistake among the trade and the consuming public as to the source of the goods sold by Defendants.

41.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

42.     Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Federal Unfair Competition)

43.     This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

44.     Plaintiff realleges the allegations in paragraphs 34 through 42 of this Complaint as though fully set forth herein.

45.     As alleged previously, Plaintiff is the owner of the GORILLA Marks, which trademarks have acquired substantial goodwill and secondary meaning.

46.     As also alleged above, Defendants have used marks confusingly

similar to the GORILLA Marks in connection with Defendants' motorcycle parts and accessories, without permission or authority from Plaintiff.

47.    Defendants have not obtained from Plaintiff any license or other permission to use any of the GORILLA Marks or marks confusingly similar thereto for any purpose whatsoever.

48.    Defendants' unauthorized use and registration of marks confusingly similar to the GORILLA Marks, constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

49.    Defendants' above-mentioned use and registration of the GORILLA Marks, and marks confusingly similar thereto constitute violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50.    Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

51.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

52.    Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

(California Unfair Competition)

53.    This claim for relief arises under the California Business & Professions Code §§17200, *et seq.* and 17500 and is alleged against all Defendants.

54.    Plaintiff realleges the allegations in paragraphs 44 through 52 of this Complaint as though fully set forth herein.

55.    Defendants' conduct is unfair and deceptive behavior pursued in the course of their businesses in that their actions were likely to deceive present and potential customers of Defendants and of Plaintiff.

56.    Defendants have willfully decided to unfairly compete with Plaintiff by misappropriating Plaintiff's proprietary Marks by unlawfully using marks confusingly similar to Plaintiff's proprietary marks in an attempt to trade on Plaintiff's goodwill and confuse consumers as to the source, origin, sponsorship and affiliation of the goods sold by Defendants.

57.    Defendants have unlawfully derived income and profits from their activities and will continue to so derive income and profits from their acts of unfair competition, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

58.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will

continue to suffer irreparable harm and injury.

59.    Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

(Federal Trademark Dilution)

60.    This claim for relief arises under 15 U.S.C. §1125(c) and is alleged against all Defendants.

61.    Plaintiff realleges the allegations in paragraphs 54 through 59 of this Complaint as though fully set forth herein.

62.    Plaintiff is the owner of the GORILLA Marks, set forth above.  These trademarks are inherently distinctive, have acquired substantial goodwill and secondary meaning, and are famous within the meaning of 15 U.S.C. § 1125(c)(1) of the Federal Trademark Dilution Act of 1995.

63.    Defendants are using marks confusingly similar to the GORILLA Marks without authorization from Plaintiff in connection with the manufacture and sale of motorcycle parts and accessories.

64.    Defendants have not been authorized by Plaintiff to use any of the GORILLA Marks or any marks confusingly similar thereto for any purpose whatsoever, including the advertisement and sale of motorcycle parts and accessories.

65.    Defendants' use of marks confusingly similar to the GORILLA Marks dilutes the marks by lessening their capacity to identify and distinguish Plaintiff's

goods in the stream of commerce.

66.    Defendants' use of marks confusingly similar to the GORILLA Marks occurred only after the marks had become famous.

67.    By reason of this unauthorized use of marks confusingly similar to the GORILLA Marks, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these diluting acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount according to proof.

68.    Plaintiff is informed and believes, and on such basis alleges that, through this use, Defendants deliberately and willfully intended to trade on the goodwill that Plaintiff has attained in the GORILLA Marks and to cause dilution of the GORILLA Marks, entitling Plaintiff to increased damages and attorney's fees.

69.    Plaintiff is informed and believes, and on such basis alleges that, unless restrained and enjoined by this Court, Defendants will continue to use marks confusingly similar to the GORILLA Marks, thus continuing to cause the dilution of the GORILLA Marks.

70.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

71.    Plaintiff has no adequate remedy at law.

## SIXTH CLAIM OF RELIEF

### (California Trademark Dilution)

72. This claim for relief arises under California Business & Professions Code § 14330, and is alleged against all Defendants.

73. Plaintiff realleges the allegations of paragraphs 61 through 71 of this Complaint as though fully set forth herein.

74. Plaintiff is the owner of common law trademarks, trademarks registered in the state of California, and federally registered trademarks, including the GORILLA Marks set forth above. These trademarks are inherently distinctive and have, in addition, acquired substantial goodwill and secondary meaning and well known and famous.

75. Plaintiff is informed and believes, and on such basis alleges that Defendants, with full knowledge of the public recognition of the GORILLA Marks, have used marks confusingly similar to the GORILLA Marks on their goods without authorization from Plaintiff after Plaintiff's marks became well known and famous.

76. The aforementioned actions of Defendants have caused, and are likely to continue to cause, injury to Plaintiff's business and professional reputation and to dilute the distinctive quality of the GORILLA Marks in violation of Section 14330 of the California Business & Professions Code.

77. Defendants' activities have caused Plaintiff irreparable injury and

unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

78.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That the Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants, and their officers, agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their direction, and each of them, from the following:

(a)     diluting the GORILLA Marks and damaging Plaintiff's goodwill, reputation and business related thereto,

(b)     using the GORILLA Marks in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the GORILLA Marks to the public in connection with any service or product,

(c)     engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public,

(d)     Otherwise unfairly competing with Plaintiff in any manner, and

(e)     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2.     That this Court issue a permanent injunction, prohibiting Defendants from directly or indirectly diluting or infringing the GORILLA Marks, and in any manner unfairly competing with Plaintiff; and from inducing, or contributing to or

participating in any such acts referred to in paragraph 1 of this prayer;

3.    That the Court award Plaintiff its damages from Defendants including

recovery of any compensatory damages sustained by Plaintiff as a result of

Defendants' diluting, infringing and/or tortuous activities described herein;

4.    That the Court order Defendants to account for all gains, profits and

advances derived by Defendants from the acts complained of, together with

appropriate interest thereon;

5.    That the Court further award Plaintiff an increase in damages in an

amount found or assessed as a result of willful acts of trademark dilution, trademark

infringement, and unfair competition under 15 U.S.C. § 1117;

6.    That Defendants pay Plaintiff's costs and disbursements in this action,

together with reasonable attorneys' fees;

7.    That Plaintiff be awarded punitive damages; and

8.    That Plaintiff have such other and further relief as the Court may deem

just and proper.

DATED: December 16, 2009

LAW OFFICES OF MICHAEL P.
MARTIN

By
Michael P. Martin
Attorneys for Plaintiff, Amcor
Industries, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 9291 CAS (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



Name & Address:
Michael P. Martin
Law Offices of Michael P. Martin
1875 Century Park East, Suite 1450
Los Angeles CA 90067
310 556-1956 / mmartin@fpllaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Amcor Industries, Inc. a/k/a Gorilla Automotive
Products, a California corporation

PLAINTIFF(S)

v.

Jafrum International, Inc., an
Indiana Corporation; and Does 1 through 10,

DEFENDANT(S).

CASE NUMBER

**CV09-9291 CAS PLAx**

**SUMMONS**

TO:    DEFENDANT(S): Jafrum International, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michael P. Martin_____, whose address is _1875 Century Park East, Suite 1450, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __**1 8 DEC 2009**_____

By: ____**SHEA BOURGEOIS**_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Amcor Industries, Inc. a/k/a Gorilla Automotive Products, a California corporation | **DEFENDANTS**<br>Jafrum International Inc. , a North Carolina Corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Law Offices of Michael P. Martin<br>1875 Century Park East, Suite 1450<br>Los Angeles CA 90067 (Tel: 310 556-1956) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. S 1114); Federal Unfair Competition (15 U.S.C. S 1125(a)); Federal Trademark Dilution (15 U.S.C. S1125(c))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**    Case Number: _____

**CV09-9291**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No    ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No    ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                                 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                                 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                                 ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Amcor Industries, Inc.<br>Los Angeles, CA | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jafrum International, Inc., Mecklenberg County, North Carolina | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  12-16-09

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |